No. 3576

Second Circuit

(Second Division)

FELDER v. HORN ET AL.

(June 11, 1931. Opinion and Decree.)

Frazer & Carroll, of Many, attorneys for plaintiff, appellant.

Boone & Boone, of Many, attorneys for defendants, appellees.

CULPEPPER, J. This suit arises out of an automobile collision between cars traveling in opposite directions, which occurred on the Belmont-Many highway, about two miles south of Belmont. Plaintiff's car, a Dodge roadster, was traveling in the direction of Many, and his car was practically demolished and he is suing for the damages sustained. From a judgment rejecting the demands of plaintiff and also rejecting the reconventional demand of defendant Lee Horn, plaintiff appealed.

The defendants are Lee Horn, owner of the other car, a Studebaker roadster, and Jim Walden, who was driving the Horn car. Horn reconvenes for the damages to his car.

The collision took place just after nightfall. Plaintiff occupied his car alone and shortly before the collision, had passed a house in the neighborhood at an ordinary rate of speed. Defendant's car was occupied by four people, the two defendants, Albert Yawn, and a woman, whose name for some reason was never divulged. Horn was sitting in Yawn's lap, but whether Yawn was occupying the end of the seat or the middle, the testimony does not disclose.

As is frequent in such cases, the oral evidence is in irreconcilable conflict. It becomes necessary, then, to consider very carefully the physical facts in order to arrive at what actually did happen.

After the collision the rear wheels of plaintiff's car were found in the ditch with the front portion resting on the shoulders of, and pointing directly across the road. The left front wheel was completely demolished. The left hub and broken spokes hit the gravel nine feet from the right of the road going in the direction of Many, and scratched or tore up the road considerably in a swing to the left towards the ditch where the right wheels settled down.

The Studebaker car came to a stop near the middle of the road about fifteen feet from the Dodge. There was room, after the accident, for cars to pass on both sides of the Studebaker. The road is a state highway, and is said to be from twenty-two to twenty-four feet wide, although no actual measurements were taken. The road was wide enough for both cars to pass in safety.

Plaintiff's version of the collision is, that it took place on his own extreme right of the road, whereas the occupants of the Studebaker are equally positive that it occurred on their right side of the road. But the fact that the left hub of the Dodge car struck the highway only nine feet from the ditch on its right side, negatives the idea that it was, at the time of the collision, over on its left of the highway. It seems incredible that the Dodge car could have been knocked completely across the road into the ditch while leaving the Studebaker in the middle of the road. We think the physical facts corroborate plaintiff's version.

There are other circumstances that indicate the driver of the Studebaker was not in a position to exercise that degree of care which the occasion called for. In the first place, four people, including the driver, were occupying a single seat. This would interfere, to some extent, at least, with the proper handling of the car. At a filling station where the Studebaker stopped just before the collision, the woman in the car was jokingly referred to or introduced as Walden's wife. Walden asked for and was given a drink of water. Ben Garner picked up Walden and the woman after the wreck and took them to Sodus. On the way he had a flat tire. Walden went back of the car and the woman gave as the reason that Walden was sick. Garner said he could neither swear Walden was drunk or sober, but the evidence leaves no doubt that he was not altogether in a normal condition.

When these facts are considered in connection with the undisputed physical conditions existing after the wreck, we are led to the irresistible conclusion that defendants were not only at fault, as found by our learned brother below, in rejecting Horn's reconventional demand, but that they were wholly to blame for the collision.

There is no dispute as to the amount of damages suffered by the plaintiff.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed insofar as it rejects the reconventional demand of Horn, but it is otherwise annulled and set aside, and it is now ordered that there be judgment in favor of the plaintiff and against the defendants, Lee Horn and Jim Walden, in solido, for $183, with legal interest thereon from judicial demand, together with costs of both courts.