MONTICELLO v. SPANO

(November 3, 1931. Opinion and Decree.)

Stanley McDermott and John C. Moulin, of New Orleans, attorneys for plaintiff, appellee.

John J. Wingrave, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. This case grows out of an intersectional collision and is a suit for damages in the sum of $105.50, alleged to have been sustained by plaintiff's car, a Peerless sedan, which collided with a Ford truck belonging to defendant, at the corner of Conti and Decatur streets at 2:00 a. m., August 17, 1930. There was judgment below in favor of plaintiff and defendant has appealed.

At the time of the accident the Peerless was driven by plaintiff's daughter, Miss Margaret Monticello, and was occupied by five other young people. The party had been to a roadhouse and afterward to the French Market for a cup of coffee, and were on their way home when the accident occurred. All of the occupants of plaintiff's car testified in substantial agreement that the Peerless was driven at a moderate speed and the truck at a very rapid rate; that, as the two cars approached the intersection, the horn of the Peerless was blown and the horn of the truck was not. On the other hand, the four occupants of the Ford truck testified that the truck was going very slowly and the Peerless very fast, and attribute the accident to the excessive speed of the Peerless, which one witness placed at 45 miles per hour.

As often appears in similar cases, the testimony of the witnesses is, for the most part, irreconcilable. It is not disputed, however, that the Peerless was struck in the rear right side, indicating, as plaintiff's witnesses claim, that it had almost completed the crossing when defendant's truck entered. This circumstance is sufficient to turn the scale in plaintiff's favor, even were the evidence otherwise in balance. Felder v. Horn et al., 16 La. App. 603, 135 So. 121; Seawell v. Louisiana Coca-Cola Bottling Co., 15 La. App. 704, 133 So. 176; Krousel v. Thieme et al., 13 La. App. 680, 128 So. 670.

The judgment appealed from is affirmed.